**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-7056

JAMES WILLIAMSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-90-241, CA-96-882-5-6)

Submitted: February 17, 1998

Decided: November 30, 1998

Before WIDENER, ERVIN, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Williamson, Appellant Pro Se. David Jarlath Slattery, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In his motion filed under 28 U.S.C. § 2255 (1994) (current version at U.S.C.A. § 2255 (West 1994 & Supp. 1998)), James Williamson attacks his conviction after a jury trial for using and carrying a firearm in relation to a drug trafficking offense under 18 U.S.C.A. § 924(c) (West Supp. 1998), and aiding and abetting under 18 U.S.C. § 2 (1994). In the district court, Williamson alleged that his conviction should be vacated because: (1) of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995); (2) the evidence was insufficient to support his conviction; and (3) the district court failed to properly instruct the jury pursuant to Pinkerton v. United States, 328 U.S. 640, 646-48 (1946). The district court granted the Government's motion for summary judgment and denied the § 2255 motion. In his appeal, Williamson raises the same three issues. For the reasons that follow, we affirm.

Respecting the first claim, we affirm the district court's order. As noted by the district court, the decision in Bailey did not alter the "carry" prong of § 924(c). See Bailey, 516 U.S. at 151. The facts reveal that Williamson or his co-defendant carried the weapon. See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997) (defining carry as knowing possession and bearing, movement, conveyance, or transportation of the firearm). We affirm on the reasoning of the district court. Regarding Williamson's second claim, reviewing the evidence in the light most favorable to the prosecution, we find that any rational trier of the facts could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Martinez, 136 F.3d 972, 976-77 (4th Cir.), cert. denied, 118 S. Ct. 2385 (1998). Finally, Williamson was not indicted for or tried for a conspiracy violation. See Pinkerton, 328 U.S. at 646-48 (a member of a continuing conspiracy may be convicted for foreseeable substantive offenses committed by a coconspirator in furtherance of the conspiracy). Rather, he was charged for aiding and abetting a § 924(c) violation. See 18 U.S.C. § 2; Martinez, 136 F.3d at 976-77. Accordingly, we also deny relief on this claim. The order of the district court is affirmed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3